# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Paulette M. Dolby, as Administratrix of the Estate of Omega Curtis Leach, III, deceased

## DEFENDANTS
Universal Health Services, Inc., Chad Youth Enhancement Center, Philadelphia Department of Human Services, Philadelphia Community Behavioral Health, City of Philadelphia

(b) County of Residence of First Listed Plaintiff    **Philadelphia County, PA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    **Montgomery County, PA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mark A. Hoffman, Esquire, Kline & Specter, P.C.,
1525 Locust Street, 19th Floor, Philadelphia, PA 19102
215-772-1000 phone/215-772-1359 fax

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- **X** 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS –Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | **X** 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- **X** 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Death case under 42 U.S.C. § 1983 (state created danger doctrine) and supplemental jurisdiction over a non-state actors.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: **X** Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE        DOCKET NUMBER

DATE: December 13th, 2007     SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
# DOCKET NO. _____

| | |
|---|---|
| PAULETTE M. DOLBY, as Administratrix of the Estate of OMEGA CURTIS LEACH, III, deceased<br>2250 South Hobson Street<br>Philadelphia, Pennsylvania 19142<br>           v<br>UNIVERSAL HEALTH SERVICES, INC.<br>367 South Gulph Road<br>King of Prussia, Pennsylvania, 19406<br>           and<br>CHAD YOUTH ENHANCEMENT CENTER<br>1751 Oak Plains Road<br>Ashland, Tennessee, 37015<br>           and<br>PHILADELPHIA DEPARTMENT OF HUMAN SERVICES<br>1515 Arch Street<br>Philadelphia, Pennsylvania, 19102<br>           and<br>PHILADELPHIA COMMUNITY BEHAVIORAL HEALTH<br>801 Market Street<br>7th Floor<br>Philadelphia, Pennsylvania, 19107<br>           and<br>CITY OF PHILADELPHIA<br>City Hall<br>c/o Office of the City Solicitor<br>1600 Arch Street<br>Philadelphia, Pennsylvania | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## CIVIL ACTION COMPLAINT

Plaintiff Paulette M. Dolby, as Administratrix of the Estate of Omega Leach, III, deceased, herein brings this civil action against the above-captioned defendants, and complains as follows:

1.      Federal jurisdiction in this matter is asserted pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue is properly laid within the United States District Court for the Eastern District

of Pennsylvania pursuant to 28 U.S.C. § 1391(b) and (c).

2. Plaintiff Paulette M. Dolby is an adult citizen and resident of the Commonwealth of Pennsylvania, residing therein at 2250 South Hobson Street, Philadelphia, Pennsylvania 19142. Plaintiff is the mother of Omega Leach, III, deceased.

3. Plaintiff is the Administratrix of the Estate of Omega Leach, III, deceased ["Omega Leach"], having been duly appointed in that capacity by the Register of Wills of Philadelphia County, Pennsylvania on June 18, 2007. A true and correct copy of the Letters of Administration is attached hereto as Exhibit "A."

4. Defendant Universal Health Services, Inc. is a corporation and/or other jural entity organized according to and/or existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 367 South Gulph Road, King of Prussia, Pennsylvania 19406.

5. Defendant Chad Youth Enhancement Center is a for-profit corporation and/or other jural entity organized accordingly to and/or existing under the laws of the State of Tennessee, with a principal place of business at 1751 Oak Plains Road, Ashland, Tennessee 37015. Chad Youth Enhancement Center is a subsidiary of Universal Health Services, Inc.

6. At all times material hereto, Universal Health Services, Inc. acted by and through its subsidiary, Chad Youth Enhancement Center, and its employees, servants, and agents, and exerted supervision over; and, formulated policy, rules, regulations, and guidelines for; and, exercised control over and oversight of the Chad Youth Enhancement Center and its employees, servants, and agents by and through its Development - Behavioral Health regional office located at 3401 West End Avenue, Suite 400, Nashville, Tennessee 37203. Accordingly, Universal Health Services Inc. is liable for the conduct of its regional office of Development - Behavioral Health and the Chad Youth

Enhancement Center and its employees, servants, and agents, under principles of respondeat superior, agency, master-servant, right of control, and the doctrinal tenets of corporate law.

7. At all times material hereto, Universal Health Services Inc. and Chad Youth Enhancement Center owned and/or operated a 90 bed residential treatment center for children and adolescents with a history of emotional, behavioral and/or psychological problems located at 1751 Oak Plains Road, Ashland, Tennessee, 37015.

8. Defendant Philadelphia Department of Human Services is a municipal or government agency or entity of the City of Philadelphia, organized and existing under the laws of the Commonwealth of Pennsylvania and under the policies, procedures, and regulations of the City of Philadelphia, with a business address of 1515 Arch Street, Philadelphia, Pennsylvania 19102. Philadelphia Department of Human Services is hereinafter referred to as "Philadelphia DHS."

9. Defendant Philadelphia Community Behavioral Health is a municipal or governmental agency or entity of the City of Philadelphia, organized and existing under the laws of the Commonwealth of Pennsylvania and under the policies, procedures, and regulations of the City of Philadelphia, with a business address of 801 Market Street, Philadelphia, Pennsylvania 19102. Defendant Philadelphia Community Behavioral Health is hereinafter referred to as "Philadelphia CBH."

10. Defendant City of Philadelphia is a city, political subdivision, governmental entity, and body politic of the Commonwealth of Pennsylvania, organized according to and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at City Hall, c/o Office of the City Solicitor, 1600 Arch Street, Philadelphia, Pennsylvania 19103.

11. This civil action is specifically not an action sounding in professional negligence. However, in the alternative, should this action be deemed to be a professional negligence action, in whole or in part, by any court of competent jurisdiction, plaintiff's counsel hereby certifies that an appropriately licensed and/or qualified professional has provided plaintiff's counsel with a written statement attesting that there exists a reasonable basis and probability to conclude that the care, skill, or knowledge exercised or exhibited by all defendants in this action with respect to the placement and transfer of Omega Leach into the custody, control, and care of Universal Health Services, Inc. and the Chad Youth Enhancement Center by Philadelphia DHS and/or Philadelphia CBH and/or the City of Philadelphia; and, the treatment, care, and control of Omega Leach by Universal Health Services, Inc. and the Chad Youth Enhancement Center, that is the subject of this Civil Action Complaint, fell outside of acceptable professional, institutional, and governmental agency standards, and that such conduct was a substantial factor in causing the injuries sustained by and death of Omega Leach. See Pa.R.C.P. No. 1042.1 et seq.; see also 40 P.S. § 1303.503.

12. At all times material hereto, Philadelphia DHS and/or Philadelphia CBH and/or the City of Philadelphia had a contractual "Provider Agreement" with Universal Health Services, Inc. and the Chad Youth Enhancement Center. The terms of the "Provider Agreement" are incorporated herein by reference, see Fed.R.Civ.P. No. 10(c), and a true and correct copy of the of "Provider Agreement" is attached hereto as Exhibit "B."

13. Under the terms of the "Provider Agreement," Chad Youth Enhancement Center agreed to provide a spectrum of residential services to children and adolescents placed at Chad Youth Enhancement Center by Philadelphia DHS and/or Philadelphia CBH and/or the City of Philadelphia. See Provider Agreement, at Exhibit "B."

4

14. At the time Philadelphia DHS and the City of Philadelphia entered into the "Provider Agreement" with the Chad Youth Enhancement Center, and prior to the arrangements for physical transfer, and the physical transfer and confinement, of Omega Leach to the Chad Youth Enhancement Center by Philadelphia DHS and/or Philadelphia CBH and/or the City of Philadelphia, Philadelphia DHS and/or Philadelphia CBH and/or the City of Philadelphia had actual knowledge of, among other things, the following information:

   a. In March of 2005, the City of Philadelphia child-abuse hotline received a warning from an employee or agent of the Chad Youth Enhancement Center stating that his co-workers were using "improper and illegal" force against youth sent to the Chad Youth Enhancement Center, and that there was a pattern and practice of using "improper and illegal" force against youth residents of the Chad Youth Enhancement Center.

   b. In June of 2005, a City of Philadelphia child-care investigator learned that a staffer at the Chad Youth Enhancement Center had been fired after this staffer allegedly slammed a boy to the floor so hard the child fouled himself.

   c. In September of 2005, the City of Philadelphia was informed that a 14-year old girl from Long Island, New York had "dropped dead of a heart attack" after a confrontation with staff at the Chad Youth Enhancement Center.

5

  d.  The States of New York and Tennessee stopped sending children to the Chad Youth Enhancement Center because these states deemed the Chad Youth Enhancement Center unsuitable for the housing of troubled youth.

  e.  Philadelphia DHS had concluded that residents at the Chad Youth Enhancement Center "were being harshly and improperly restrained," and that there was a pattern and practice pf using harsh and improper restraint at this facility.

  f.  Other numerous complaints against the Chad Youth Enhancement Center.

15. As of, or about, March 1, 2007, Omega Leach, who was a 17 year old resident of the City of Philadelphia, was in the custody, control, and care of Philadelphia DHS and/or Philadelphia CBH and/or the City of Philadelphia because of juvenile offenses. At or about that time, Omega Leach was being housed at the Youth Study Center at 2020 Pennsylvania Avenue, Philadelphia, Pennsylvania 19130.

16. On or before March 22, 2007, Philadelphia DHS and/or Philadelphia CBH and/or the City of Philadelphia arranged and/or directed for the placement, transfer, and confinement of Omega Leach to the custody, control, and care of, and confinement at, the Chad Youth Enhancement Center.

17. On or about April 17, 2007, the Family Court of Pennsylvania for Philadelphia County executed an order approving the transfer of Omega Leach to the custody, control, and care of, and confinement at, the Chad Youth Enhancement Center.

18. On or before April 17, 2007, Philadelphia DHS and/or Philadelphia CBH and/or the City of Philadelphia knew about, but failed to inform the Family Court of Pennsylvania for Philadelphia County of the manifestly unsafe and dangerous conditions which Philadelphia DHS and/or Philadelphia CBH and/or the City of Philadelphia knew existed at the Chad Youth Enhancement Center with respect to the housing of youth at that facility. See ¶14(a) to (e). The failure of Philadelphia DHS and/or Philadelphia CBH and/or the City of to inform the Family Court of Pennsylvania for Philadelphia County about the manifestly unsafe and dangerous conditions which existed at the Chad Youth Enhancement Center with respect to the housing of youth at that facility was part of a pattern and practice of concealing information from the Family Court of Pennsylvania for Philadelphia County.

19. On or about May 2, 2007, Philadelphia DHS and/or Philadelphia CBH and/or the City of Philadelphia transferred Omega Leach to the Chad Youth Enhancement Center, with knowledge of the manifestly unsafe and dangerous conditions which existed there, in shocking disregard for the safety and well-being of Omega Leach.

20. On June 2, 2007, staff members, employees, and agents of the Chad Youth Enhancement Center, including, but not limited to, Milton Gerald Francis and Randall Dale Rae, Jr., intentionally and willfully provoked Omega Leach into a confrontation with Chad Youth Enhancement Center staff, and in response to the behavior of Omega Leach, which was intentionally and wilfully calculated to be induced in Omega Leach, used extreme, harsh, and improper restraint and other improper and excessive physical force to then subdue Omega Leach.

21. On June 2, 2007, during the time that the extreme, harsh, and improper restraint and other improper and excessive physical force was being applied to Omega Leach by staff members,

7

employees, and agents of the Chad Youth Enhancement Center, including, but not limited to, Milton Gerald Francis and Randall Dale Rae, Jr., Omega Leach stated to those members of the Chad Youth Enhancement Center who were restraining him, and the other staff members, employees, and agents of the Chad Youth Enhancement Center who were present at the time of the incident, that he could not breathe.

22.  On June 2, 2007, during the extreme, harsh, and improper restraint and improper and excessive physical force that was being applied to Omega Leach by staff members of the Chad Youth Enhancement Center, including, but not limited to, Milton Gerald Francis and Randall Dale Rae, Jr., a nurse at the Chad Youth Enhancement Center found that Omega Leach was no longer breathing and that Omega Leach had no obtainable pulse. The nurse then ordered Milton Gerald Frances and/or Randall Dale Rae, Jr. and/or other staff members of the Chad Youth Enhancement Center to stop restraining Omega Leach.

23.  On June 2, 2007, Omega Leach was taken emergently to the Gateway Medical Center from the Chad Youth Enhancement Center with grievous and lethal bodily injuries caused by the intentionally and willfully applied extreme, harsh, and improper restraint and improper and excessive physical force applied to Omega Leach by staff members of the Chad Youth Enhancement Center. Omega Leach was subsequently transferred from the Gateway Medical Center to the Vanderbilt Children's Hospital in Nashville, Tennessee later that day.

24.  Omega Leach was pronounced dead on June 3, 2007.

25.  An autopsy of Omega Leach III was conducted on June 4, 2007. The autopsy report prepared by Bruce M. Levy, M.D. ["Dr. Levy"] found that Omega Leach had multiple hemorrhages into the muscles of the neck near the base of the neck, ischemic changes to the brain, and multiple

superficial blunt force injuries to his body. Dr. Levy found additional injuries to Omega Leach's left and right cheek areas, abrasions to both the anterior and lateral aspects of his left and right shoulders, and a contusion to the left shoulder.

26.  From the results of the autopsy performed on Omega Leach on June 4, 2007, Dr. Levy concluded that the cause of Omega Leach's death was strangulation, and that the manner of death was homicide.

27.  The injuries sustained by and death of Omega Leach, while Omega Leach was under the custody, control, and care of the Chad Youth Enhancement Center, were foreseeable to Philadelphia DHS and/or Philadelphia CBH and/or the City of Philadelphia, who had actual knowledge that the Chad Youth Enhancement Center was unsafe and dangerous for the purposes of housing troubled youth, see ¶14(a) to (e), and that residents at the Chad Youth Enhancement Center "were being harshly and improperly restrained."

28.  The actions and conduct of the Philadelphia DHS and/or Philadelphia CBH and/or the City of Philadelphia were a substantial factor in causing the injuries sustained by and the death of Omega Leach.

29.  The actions and conduct of the Philadelphia DHS and/or Philadelphia CBH and/or the City of Philadelphia with respect to the arrangement for the physical transfer of, and the subsequent physical transfer of, the custody, control, and care of Omega Leach to the Chad Youth Enhancement Center was reckless, willful, and wanton, in reckless disregard of the safety and well-being of Omega Leach, and of a degree of culpability that shocks the conscience. The actions and conduct of the Philadelphia DHS and/or Philadelphia CBH and/or the City of Philadelphia with respect to the arrangement for the physical transfer of, and the subsequent physical transfer of, the

custody, control, and care of Omega Leach to the Chad Youth Enhancement Center was part of a pattern and practice of transferring youth to a facility which the Philadelphia DHS and/or Philadelphia CBH and/or the City of Philadelphia knew was unsafe and dangerous for the purposes of housing troubled youth. See ¶14(a) to (e).

30. In arranging the placement and transfer of Omega Leach to the Chad Youth Enhancement Center, the Philadelphia DHS and/or Philadelphia CBH and/or the City of Philadelphia, as state actors, affirmatively used their authority in a way that created and perpetuated a known and obvious danger to Omega Leach, and that rendered Omega Leach vulnerable to the known unsafe and dangerous conditions present at the Chad Youth Enhancement Center, within the meaning of the "state-created danger" doctrine under 42 U.S.C. § 1983.

31. The Philadelphia DHS and/or Philadelphia CBH and/or the City of Philadelphia, acting under color of state law, affirmatively caused Omega Leach to be subjected to the deprivation of rights, privileges, and immunities secured for Omega Leach by the Constitution and law. 42 U.S.C. § 1983.

32. Accordingly, plaintiff brings this civil action against Philadelphia DHS, Philadelphia CBH, and the City of Philadelphia pursuant to the rights set forth in 42 U.S.C. § 1983, and the doctrinal tenets of the case law interpreting this statute, and seeks all damages cognizable by law against these defendants.

33. The conduct of Universal Health Services, Inc. and the Chad Youth Enhancement Center, and their employees, agents, and servants, was negligent, willfully and wantonly reckless, and undertaken in reckless disregard for the safety and well-being of Omega Leach, and was a substantial factor in causing the injuries sustained by and death of Omega Leach.

34. Accordingly, plaintiff brings this civil action pursuant the laws of the Commonwealth of Pennsylvania, by virtue of the Wrongful Death Act, see 42 Pa. C.S.A. §8301, and the Survival Act, see 42 Pa. C.S.A. §8301, and the applicable decisional law interpreting these Acts, and seeks all damages cognizable by law against these defendants, including both compensatory and punitive damages (against Universal Health Services, Inc. and the Chad Youth Enhancement Center under the Survival Act only).

**WHEREFORE,** Plaintiff Paulette M. Dolby, as Administratrix of the Estate of Omega Leach, III, deceased, respectfully prays that this Court award the following:

a. Monetary damages in excess of the federal arbitration limit of $150,000.00 (one hundred and fifty-thousand dollars), including compensatory against all defendants; and, additionally, punitive damages, under the Pennsylvania Survival Act, see 42 Pa. C.S.A. §8301, against Universal Health Services, Inc. and the Chad Youth Enhancement Center;

b. Monetary damages against all defendants to include all such economic and non-economic damages cognizable under applicable federal and state statutes, rules, and case law;

c. The costs of this action, in whole or in part, to be taxed to all

defendants;

d. For such other and further relief as the Court may deem just and proper; and

e. A jury trial is demanded for all triable issues in this action.

**KLINE & SPECTER**
*A Professional Corporation*

By: _____
THOMAS K. KLINE, ESQUIRE

By: _____
MARK A. HOFFMAN, ESQUIRE

By: _____
AMY L. GUTH, ESQUIRE

By: _____
DAVID K. INSCHO, ESQUIRE

Attorneys for Plaintiff
PA Attorney ID Nos.: 28895/84122/44204/90267
The Nineteenth Floor
1525 Locust Street
Philadelphia, PA 19102
215.772.1000 (telephone)
215.772.1000 (fax)

Date: December 13th, 2007